[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The plaintiff has moved to strike the defendant Angelo Silano's counterclaim alleging abuse of process. The defendant Angelo Silano alleges that a modification was entered into releasing him from liability under the note and mortgage; therefore, he alleges that he has wrongly been made a party to this foreclosure action.
The motion to strike is granted because the defendant Angelo Silano's counterclaim does not allege that the plaintiff has used "legal process against the [defendant Angelo Silano] in an improper manner or to accomplish a purpose for which it was not designed."Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 720 (1993). This claim may be implied in the counterclaim, but the defendant Angelo Silano must plead and prove it. See Practice Book § 108.
A claim for abuse of process, if properly pleaded, however, is proper because the specific claim in this case would address theenforcement of the note and mortgage against the defendant Angelo Silano. See Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.); Federal National Mortgage v.Wang, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.). Although the court cannot determine the legal consequences of the alleged "modification" because the document is not before the court (was not appended to the counterclaim by using Practice Book § 141), the modification may alter the plaintiff's right to foreclose against the defendant Angelo Silano. In sum, the plaintiff may not be able to enforce the note and mortgage against Angelo Silano.
Notwithstanding, the plaintiff's motion to strike (#110) the defendant Angelo Silano's counterclaim is granted because it is legally insufficient as it stands.
Curran, J. CT Page 4010-KKKK